FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAR 2 2 2007
Stephan Harris, Clerk
Casper

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL DAVID BELDERRAIN,**<br><br>Defendant. | ) | No. 07CR66D<br><br>**Ct. 1: 18 U.S.C. §§ 922(g)(1) and 924(a)(2)**<br>(Felon in Possession of A Firearm)<br><br>**Cts. 2-3: 18 U.S.C. § 1512(b)(3), (h) and (i)**<br>(Tampering with a Witness)<br><br>**Ct. 4: 16 U.S.C. § 3372(a)(1)**<br>(Unlawful Transportation of Illegally Possessed Wildlife)<br><br>**Ct. 5: 16 U.S.C. § 3372(a)(3)(A)**<br>(Unlawfully Possess Illegally Taken Wildlife) |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**

On or about December 2005, in the District of Wyoming, the Defendant, **MICHAEL DAVID BELDERRAIN,** having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Ruger Model 77, .30 caliber bolt action rifle, serial number 78-10137, which had previously traveled in and affected interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**COUNT TWO**

Between on or about December 2005, and August of 2006, in the District of Wyoming and elsewhere, the Defendant, **MICHAEL DAVID BELDERRAIN,** did knowingly attempt to corruptly persuade Jenna Binns to hinder, delay, and prevent communication to law enforcement officers of information relating to the commission of a Federal offense, to wit, between December 2005 and August 2006, in Montana, the Defendant, **MICHAEL DAVID BELDERRAIN** did tell Jenna Binns to lie to Yellowstone National Park Law Enforcement officers concerning their investigation of an illegal killing of an elk in Yellowstone National Park in the District of Wyoming on or about December 2005.

In violation of 18 U.S.C. §§ 1512(b)(3), (h) and (i).

**COUNT THREE**

Between on or about December 2005, and August of 2006, in the District of Wyoming and elsewhere, the Defendant, **MICHAEL DAVID BELDERRAIN,** did knowingly attempt to corruptly persuade Leaf Oquist to hinder, delay, and prevent communication to law enforcement officers of information relating to the commission of a Federal offense, to wit, between December 2005 and August 2006, in Montana, the Defendant, **MICHAEL DAVID BELDERRAIN** did tell Leaf Oquist to lie to Yellowstone National Park Law Enforcement officers concerning their investigation of an illegal killing of an elk in Yellowstone National Park in the District of Wyoming on or about December 2005.

In violation of 18 U.S.C. §§ 1512(b)(3), (h) and (i).

**COUNT FOUR**

On or about December 2005, in the District of Wyoming and within the boundaries of Yellowstone National Park, the Defendant, **MICHAEL DAVID BELDERRAIN,** did knowingly transport wildlife, to wit, a bull elk, which he knew, and which in the exercise of due care he should have known, was possessed by him in violation of the laws and regulations of the United States, to wit, 36 C.F.R. § 2.2(a)(3).

In violation of 16 U.S.C. § 3372(a)(1).

**COUNT FIVE**

On or about December 2005, in the District of Wyoming, and within the special maritime and territorial jurisdiction of the United States, the Defendant, **MICHAEL DAVID BELDERRAIN,** did knowingly possess wildlife, to wit, a bull elk, which he knew, and which in the exercise of due care he should have known, had been taken, in violation of the laws and regulations of the State of Montana, to wit, § 7-3-102 and 7-3-104.

In violation of 16 U.S.C. § 3372(a)(3)(A).

A TRUE BILL:

Gary Joy

FOREPERSON

John R. Green for

MATTHEW H. MEAD
United States Attorney

## PENALTY SUMMARY

**DATE:** March 20, 2007

**DEFENDANT NAME:** **MICHAEL DAVID BELDERRAIN**

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

| | | |
|---|---|---|
| OFFENSE: | **Ct. 1:** | **18 U.S.C. §§ 922(g)(1) and 924(a)(2)**<br>(Felon in Possession of a Firearm) |
| PENALTIES: | | 0-10 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | **Ct. 2:** | **18 U.S.C. § 1512(b)(3), (h) and (i)**<br>(Tampering with a Witness) |
| PENALTIES: | | 0-10 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | **Ct. 3:** | **18 U.S.C. § 1512(b)(3), (h) and (i)**<br>(Tampering with a Witness) |
| PENALTIES: | | 0-10 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | **Ct. 4:** | **16 U.S.C. §§ 3372(a)(3)(A)** (Lacey Act) |
| PENALTIES: | | 0-1 years imprisonment<br>$100,000 fine<br>1 year supervised release<br>$25.00 Special Assessment |

OFFENSE: **Ct. 5:** **16 U.S.C. §§ 3372(a)(3)(A)** (Lacey Act)

PENALTIES:
0-1 years imprisonment
$100,000 fine
1 year supervised release
$25.00 Special Assessment

**TOTALS:**
0-32 YEARS IMPRISONMENT
$700,000 FINE
3 YEARS SUPERVISED RELEASE
$250.00 SPECIAL ASSESSMENT

**AGENT:** Bruce Applin, YNP **AUSA:** JOHN R. BARKSDALE

**ESTIMATED TIME OF TRIAL:**

✓ five days or less
____ over five days
____ other

**INTERPRETER NEEDED:**

____ Yes
✓ No

**THE GOVERNMENT:**

✓ will

____ will not

**SEEK DETENTION IN THIS CASE.**

____ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions